Filed 7/6/21  P. v. Grisso CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON GENE GRISSO,<br><br>        Defendant and Appellant. | A160801<br><br>(Alameda County<br>Super. Ct. No. 19-CR-017326) |

Defendant Jason Grisso appeals from a judgment of conviction and sentence after a jury convicted him of reckless evasion of an officer (Veh. Code, § 2800.2).  His counsel filed a brief requesting this court independently review the appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine whether there are any arguable issues on appeal.  After independently reviewing the record, we conclude there are no reasonably arguable issues, and we affirm.

## BACKGROUND

In November 2019, California Highway Patrol attempted to stop Grisso, who was driving a Mustang weaving back and forth in the lanes, driving onto the shoulder and into the adjacent lanes.  The officers put on their forward-facing red lights, but instead of yielding, Grisso accelerated rapidly onto a freeway entrance.  The officers activated their siren.  But Grisso continued to evade the officers for eight miles, using all lanes of traffic and driving between 90 and 103 miles per hour even though the speed limit

was 65 miles per hour.  Other CHP vehicles joined the pursuit.  Grisso then exited the freeway, ran a red light, and drove on the wrong side of the road, even though another civilian car was on the road.  The officers ultimately stopped Grisso by performing a "pursuit immobilizing technique" maneuver— driving the front of the patrol car into the rear quarter panel of the pursued vehicle to cause the vehicle to spin out.  Officers arrested Grisso after he exited the driver's side of the car.  A search of the vehicle yielded metal knuckles on the driver's side of the car.

Grisso was charged with reckless evasion of an officer (Veh. Code, § 2800.2, subd. (a) count 1), speeding over 100 miles per hour (Veh. Code, § 22348, subd. (b), count 2), and possession of metal knuckles (Pen. Code, § 21810, count 3).  The information specially alleged Grisso had served three prior prison terms for felony convictions, an allegation the court later struck. (§ 667.5, subd. (b).)  A jury found Grisso guilty of count 1, but not guilty of the remaining counts.  The court sentenced Grisso to state prison for the middle term of two years.  The court also imposed a $300 restitution fine, and it awarded Grisso 183 days of presentence custody credit, and 183 days credit for time served while on post-release community supervision.

## DISCUSSION

Grisso's appointed counsel filed a *Wende* brief raising no issues.  His counsel also informed Grisso of his right to file a supplemental brief, but he has not filed any brief.  We have independently reviewed the record for errors and find there are no meritorious issues to be argued on appeal. [1]

_____

[1] While this appeal was pending, Grisso's appointed counsel sent the trial court a letter identifying an error in the number of presentence custody credits awarded to Grisso.  Instead of 183 days of custody credit, Grisso was entitled to 184—the actual number of days between his arrest on November 11, 2019 and the imposition of sentence on May 12, 2020.  (*People v. Denman*

Grisso was represented by competent counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 688.) The trial court properly exercised its discretion by admitting evidence of Grisso's prior uncharged conduct—a 2016 incident of evading a police officer who attempted to stop Grisso for a traffic violation, resulting in a high-speed chase exceeding the speed limit and disobeying traffic signs—to prove his intent to evade the officer. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 400, 402 [uncharged conduct sufficiently similar to the charged offense is admissible to prove defendant intent].) The record reflects the jury instructions were correct. The court properly denied Grisso's motion for acquittal on count 1—evasion of an officer—because there was sufficient evidence to sustain a conviction for that offense. (Pen. Code, § 1118.1; *People v. Houston* (2012) 54 Cal.4th 1186, 1215.) The trial court further properly exercised its discretion by sentencing Grisso to the middle term of two years in state prison.

## DISPOSITION

The trial court is directed to respond to the request of Grisso's counsel to modify his presentence custody credits to 184 days. Otherwise, the judgment is affirmed.

---

(2013) 218 Cal.App.4th 800, 814 ["Calculation of custody credit begins on the day of arrest and continues through the day of sentencing"]). Counsel further noted that Grisso was entitled to conduct credit, an issue that was not raised during sentencing. Counsel then requested the trial court modify the abstract of judgment accordingly and forward the amended judgment to this court. We find there is an error in the calculation of custody credit and direct the trial court to address this issue.

3

_____

WISEMAN, .J. *

We concur.

_____

PETROU, Acting P.J.

_____

JACKSON, J.

*People v. Grisso* / A160801

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.